UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLOCK LAW FIRM, APLC et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-949** |
| **BANKERS INSURANCE CO.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Block Law Firm, APLC and Block, LLC's (collectively, "Plaintiffs") "Motion to Remand."[1] Plaintiffs argue that the case should be remanded because the notice of removal was not timely filed.[2] Plaintiff also requests attorney's fees. Defendant Bankers Insurance Co. ("Defendant") opposes the motion and argues that the notice of removal was timely.[3] For the reasons discussed in detail below, it was clear from the face of the Petition that Plaintiffs were seeking damages exceeding $75,000. Therefore, the notice of removal was untimely because it was filed more than 30 days after Defendant was served with the Petition. Furthermore, the Court awards attorney's fees and costs to Plaintiffs because, given that diversity jurisdiction was clear from the face of the Petition, Defendant lacked an objectively reasonable basis for removing the case more than 30 days after being served. Accordingly, considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion. The Court remands this matter to the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana for further proceedings.

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 1-10.

[3] Rec. Doc. 12.

1

## I. Background

This litigation arises out of alleged damage to Plaintiffs' property during Hurricane Ida.[4] Plaintiffs filed a petition for damages against Defendant (the "Petition") in the Seventeenth Judicial District Court for the Parish of Lafourche on January 12, 2022.[5] According to the Petition, Plaintiffs purchased an insurance policy from Defendant insuring the property located at 422 East First Street, Thibodaux, Louisiana 70301 against damages.[6] In the Petition, Plaintiffs aver that, on August 29, 2021, the property covered by the insurance policy was severely damaged by hurricane force winds sustained during Hurricane Ida.[7]

The Petition states that Plaintiffs filed an insurance claim shortly after Hurricane Ida and submitted a formal proof of loss to Defendant on October 26, 2021 claiming $98,470.24 under the insurance policy.[8] The Petition also alleges that this formal proof of loss was successfully delivered to Defendant on October 27, 2021,[9] but that Defendant only paid Plaintiffs $40,267.12, leaving $58,203.12 of Plaintiffs' claim unpaid at the time of filing.[10] Finally, the Petition avers that, pursuant to Louisiana Revised Statute § 22:1973, Defendant's failure to pay Plaintiffs' entire claim

---

[4] Rec. Doc. 1 at 1.

[5] Rec. Doc. 1-2 at 3.

[6] *Id*.

[7] *Id*. at 4.

[8] *Id*. at 4, 19.

[9] *Id. See id*. at 8–10 for Federal Express delivery notification of the formal proof of loss letter attached to the Petition as Ex. 2.

[10] *Id*. at 5.

or make a written offer to settle the claim within sixty days of receipt entitles Plaintiffs to an award of penalties up to two times damages sustained.[11]

Plaintiffs filed this case in the Seventeenth Judicial District Court for the Parish of Lafourche on January 12, 2022.[12] On February 14, 2022, Defendant filed an exception of vagueness in that court alleging that the Petition did not comply with Article 893 of the Louisiana Code of Civil Procedure because Plaintiffs failed to allege that the damages sought did not exceed $75,000 (the "Exception of Vagueness").[13] On March 10, 2022, the state trial court held a hearing on the Exception of Vagueness.[14] During this hearing, the state trial judge stated that he did not "see how any judge could read this [Petition] and believe that [Plaintiffs are] not asking for less than seventy-five thousand."[15] The state trial court issued an order denying the Exception of Vagueness on March 16, 2022 (the "State Court Order").[16]

On April 8, 2022, Defendant removed the action to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332.[17] On May 6, 2022, Plaintiffs filed the instant motion to remand.[18] On May 18, 2022, Defendant opposed the motion.[19]

---

[11] *Id*.

[12] *Id*. at 3.

[13] *Id.* at 92.

[14] Rec. Doc. 10-2 at 1.

[15] *Id*. at 6.

[16] Rec. Doc. 1-2 at 101.

[17] Rec. Doc. 1.

[18] Rec. Doc. 10.

[19] Rec. Doc. 12.

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of Remand*

Plaintiffs argue that removal was improper because it was untimely.[20] Citing 28 U.S.C. § 1446(b), Plaintiffs contend that, in order to timely remove this case, the notice of removal must have been filed within 30 days of Defendant's receipt of the initial pleading.[21] Thus, Plaintiffs assert that Defendant was required to file its notice of removal by February 27, 2022, 30 days after Defendant was served with the Petition.[22] Therefore, Plaintiffs aver that Defendant missed the deadline for removal by instead filing the Exception of Vagueness in state court on March 10, 2022, and only filing a notice of removal on April 8, 2022, "a full 70 days after receiving Plaintiffs' petition."[23]

Further, Plaintiffs argue that the Petition started the 30-day clock for removal because the Petition satisfied the requirement of Article 893 of the Louisiana Code of Civil Procedure by indicating that the damages sought in the matter exceed $75,000.[24] Furthermore, Plaintiffs emphasize that this matter was already adjudicated in state court, where the Exception of Vagueness was denied because the judge did not "see how any judge could read this [Petition] and believe they're not asking for less than seventy-five thousand."[25] Finally, Plaintiffs argue that Defendant "was well aware of the deadline to file a notice of removal" because Defendant knew that Plaintiffs sought damages of $58,203.12, as well as double damages under Louisiana Revised

---

[20] Rec. Doc. 10-1 at 2.

[21] *See id.*

[22] *Id*.

[23] *Id*. at 2–3.

[24] *See id.* at 3.

[25] *See id.* (quoting Rec. Doc. 10-2 at 6).

Statute § 22:1973, attorney's fees, and additional damages for mental anguish.[26] Therefore, Plaintiffs argue that the case should be remanded because Defendant failed to file a timely notice of removal by February 27, 2022.[27] Finally, Plaintiffs request costs, expenses, and attorney's fees.[28]

B.  *Defendant's Arguments in Opposition*

In opposition, Defendant argues that the 30-day time period to remove the case did not begin to run until the State Court Order was issued.[29] Defendant analogizes this case to the circumstances in *Mumfrey v. CVS Pharmacy, Inc.*,[30] where the plaintiff filed a wrongful termination suit against the defendant-employer in state court and requested damages for lost wages, future pecuniary damages, and future non-pecuniary damages.[31] Defendant argues that, like in *Mumfrey*, where the Fifth Circuit found defendant's removal to be timely because it was filed within 30 days of receiving an amended petition alleging maximum damages of $3.5 million, Defendant's notice of removal was timely because it was filed only 23 days after the State Court Order was issued.[32] Specifically, Defendant asserts that the 30-day period was not triggered by Defendant's receipt of the Petition because "Plaintiffs failed to include in their Petition 'a specific allegation that damages are in excess of the federal jurisdictional amount.'"[33] Defendant concludes

---

[26] *Id.*

[27] *Id.*

[28] *Id.* at 4.

[29] Rec. Doc. 12 at 6–7.

[30] 719 F.3d 392 (5th Cir. 2013).

[31] Rec. Doc. 12 at 6.

[32] *Id.* at 5–7.

[33] *Id.* at 7 (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)).

that its notice of removal was timely because it was not clear that the case was removable until the State Court Order was issued.[34]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[35] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[36] The removing party bears the burden of demonstrating that federal jurisdiction exists.[37]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[38] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[39]

Additionally, 28 U.S.C. § 1446(b) governs the time limitations for removal of a case to federal court. Generally, a notice of removal must be filed within 30 days of the defendant receiving a copy of the initial pleading.[40] A case is removable from the defendant's receipt of the

---

[34] *Id*. (quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2013)).

[35] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[36] 28 U.S.C. § 1332(a)(1).

[37] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[38] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[39] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[40] 28 U.S.C. § 1446(b)(1).

initial pleading "when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of [$75,000]."[41] Thus, a plaintiff must "place in the initial pleading a specific allegation that damages are in excess of [$75,000]" for the 30-day window to run from defendant's receipt of the initial pleading.[42] Yet, if the case is not originally removable, but it later becomes removable, a party may file a notice of removal. This filing must occur within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.[43] "The information supporting removal in a copy of an amended pleading, motion, order or other paper . . . must be unequivocally clear and certain to start the time limit running."[44]

## IV. Analysis

Plaintiffs move the Court to remand this case, arguing that the removal was untimely.[45] Defendant opposes, arguing that Defendant's notice of removal was timely.[46]

Generally, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[47] A notice of removal filed beyond this 30-day window is untimely unless the case was not originally removable

---

[41] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 2013).

[42] *Id*.

[43] 28 U.S.C. § 1446(b)(3).

[44] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608–09 (5th Cir. 2018) (citations and quotations omitted).

[45] Rec. Doc. 10-1.

[46] Rec. Doc. 12.

[47] 28 U.S.C. § 1446(b)(1).

and the defendant later receives an amended pleading, motion, order or other paper from which it may *first be ascertained* " that the case is removable."[48] Defendant removed the case on the grounds that this Court has original jurisdiction under 28 U.S.C. § 1332(a).[49] A case is removable under § 1332(a) "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[50] The parties do not dispute that the diversity requirement is satisfied.[51]

Furthermore, the Petition makes clear that the amount in controversy in this matter exceeds $75,000. For an initial pleading to adequately indicate that the amount in controversy exceeds $75,000, the Fifth Circuit requires the initial pleading to include a "specific allegation" that the amount in controversy exceeds $75,000.[52] Of course, under Louisiana law, a state court petition may not allege a "specific monetary amount of damages."[53] Nevertheless, Plaintiffs make three claims in the Petition that together constitute the required specific allegation: 1) Plaintiffs "are entitled to an award of penalties assessed against the insurer in an amount not to exceed … *two times the damages sustained*;" 2) Defendant has failed to pay $58,203.12 of the losses sustained by Plaintiffs; and 3) Plaintiffs suffered mental anguish, emotional distress, and inconvenience.[54] Even ignoring the allegation of damages for mental anguish, emotional distress, and

---

[48] 28 U.S.C. § 1446(b)(3) (emphasis added).

[49] Rec. Doc. 1 at 2.

[50] 28 U.S.C. § 1332(a)(1).

[51] Rec. Doc. 1-2 at 3. Defendant asserts in its notice of removal that it is a foreign insurance corporation both incorporated and domiciled in the state of Florida. Rec. Doc. 1 at 2.

[52] *See Chapman*, 969 F.2d at 163.

[53] La. Code Civ. Proc. Art. 893.

[54] Rec. Doc. 1-2 at 5–6.

inconvenience, the Petition makes clear that Plaintiffs seek an award of two times $58,203.12, equal to $116,406.24. This amount easily exceeds the federal jurisdictional amount of $75,000. Therefore, it is easily ascertainable from the Petition that the damages sought exceed the federal jurisdictional requirement.

Defendant cites *Mumfrey v. CVS Pharmacy, Inc.* to support its argument that Defendant could not easily ascertain from a specific allegation in the Petition that Plaintiffs seek damages exceeding $75,000.[55] The Fifth Circuit in *Mumfrey* found that the 30-day window for removal was not triggered by the original petition where the original petition stated only "general categories of damages" without giving any indication of the dollar amount of those damages.[56] In this case, however, Plaintiffs specifically allege that Defendant failed to pay $58,203.12 for Plaintiffs losses under the insurance policy and claim double damages pursuant to Louisiana Revised Statute § 22:1973.[57] Therefore, unlike in *Mumfrey*, it was clear from the face of the Petition that the amount in controversy exceeds $75,000.

Thus, it was clear from the Petition that this Court has original jurisdiction over the matter and so Defendant was required to file its notice of removal by February 27, 2022, 30 days after Defendant was served with the Petition.[58] Instead, Defendant waited until April 8, 2022, to file the notice of removal. Therefore, removal was untimely. Accordingly, the Court will remand the case back to the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana.

---

[55] *Id.* at 399.

[56] *See id.* at 396, 399-400.

[57] Rec. Doc. 1-2 at 5.

[58] *Mumfrey*, 719 F.3d at 399.

Finally, Plaintiffs request costs, expenses, and attorney's fees.[59] Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."[60] The Fifth Circuit has made clear that "a district court is not divested of jurisdiction to award attorney's fees and costs pursuant to Section 1447(c) after a remand has been certified."[61] The decision to award attorney's fees under Section 1447(c) is within the sound discretion of the Court.[62] The "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[63] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) where "the removing party lacks an objectively reasonable basis for seeking removal."[64]

Defendant lacked an objectively reasonable basis for waiting more than 30 days after being served to remove this matter because the Petition clearly alleged damages above $75,000. As the state court judge correctly observed during the Exception of Vagueness hearing, no judge could look at this Petition and believe Plaintiffs were requesting less than $75,000.[65] The Court cannot allow this objectively unreasonable defense tactic to prevail. It costs plaintiffs time and money to have the case improperly removed, while also draining the limited resources of this Court. As a result, the Court cannot tolerate such a removal. Therefore, the Court, within its discretion, and to

---

[59] Rec. Doc. 10-1 at 4.

[60] 28 U.S.C. § 1447(c).

[61] *Coward v. AC & S, Inc.*, 91 F. App'x 919, 921–22 (5th Cir. 2004).

[62] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[63] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012) (internal citations omitted).

[64] *Id.* at 542 (internal citations omitted).

[65] *See* Rec. Doc. 10-2 at 6.

deter future futile untimely removals, shall award attorney's fees and costs. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Remand"[66] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana for further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff is to file supplemental briefing on the amount of attorney's fees and costs incurred for the instant motion within 14 days of this Order.

**NEW ORLEANS, LOUISIANA**, this 29th day of June, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[66] Rec. Doc. 10.