## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BLOCK LAW FIRM, APLC, et al.**                    **CIVIL ACTION**

**VERSUS**                                          **CASE NO. 22-949**

**BANKERS INSURANCE CO.**                           **SECTION: "G"(3)**

### ORDER AND REASONS

Before the Court are Plaintiffs Block Law Firm, APLC, and Block, LLC's (collectively, "Plaintiffs") "Supplemental Briefing on the Amount of Attorneys' Fees and Costs after Remand Order,"[1] Defendant Bankers Insurance Co.'s ("Defendant") "Brief in Opposition to Plaintiffs' Supplemental Briefing on the Amount of Attorneys' Fees and Costs after Remand Order,"[2] and "Plaintiffs' Motion to Strike Defendant's Opposition to Plaintiffs' Supplemental Briefing."[3]

On June 30, 2022, the Court granted Plaintiffs' motion to remand this matter back to the Seventeenth Judicial Court for the Parish of Lafourche because removal was untimely.[4] The Court also found that Plaintiffs were entitled to attorney's fees pursuant to 28 U.S.C. § 1447(c) and ordered the parties to submit supplemental briefing on the amount of attorney's fees and costs incurred in removing the matter.[5] On July 12, 2022, Plaintiffs filed their supplemental briefing requesting $5,584.32 for attorney's fees and costs.[6] On July 28, 2022, Defendant filed an

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 22.

[3] Rec. Doc. 23.

[4] *See* Rec. Doc. 18.

[5] *Id*. at 11; Rec. Doc. 21.

[6] Rec. Doc. 19.

opposition to Plaintiffs' supplemental briefing.[7] On August 1, 2022, Plaintiffs filed a motion to strike Defendant's opposition because it was signed by an attorney who was not enrolled as Defendant's counsel.[8] For the reasons discussed below, the Court awards Plaintiffs $1,524.32 in attorney's fees and expenses and denies Plaintiffs' motion to strike.

## I. Background

This litigation arises out of alleged damage to Plaintiffs' property during Hurricane Ida.[9] Plaintiffs filed a petition for damages against Defendant (the "Petition") in the Seventeenth Judicial District Court for the Parish of Lafourche on January 12, 2022.[10] According to the Petition, Plaintiffs purchased an insurance policy from Defendant insuring the property located at 422 East First Street, Thibodaux, Louisiana 70301 against damages.[11] In the Petition, Plaintiffs aver that, on August 29, 2021, the property covered by the insurance policy was severely damaged by hurricane force winds sustained during Hurricane Ida.[12]

The Petition states that Plaintiffs filed an insurance claim shortly after Hurricane Ida and submitted a formal proof of loss to Defendant on October 26, 2021, claiming $98,470.24 under the insurance policy.[13] The Petition also alleges that this formal proof of loss was successfully delivered to Defendant on October 27, 2021,[14] but that Defendant only paid Plaintiffs $40,267.12,

---

[7] Rec. Doc. 22.

[8] *See* Rec. Doc. 23.

[9] Rec. Doc. 1 at 1.

[10] Rec. Doc. 1-2 at 3.

[11] *Id*.

[12] *Id*. at 4.

[13] *Id*. at 4, 19.

[14] *Id. See id*. at 8–10 for Federal Express delivery notification of the formal proof of loss letter attached to the Petition as Ex. 2.

leaving $58,203.12 of Plaintiffs' claim unpaid at the time of filing.[15] Finally, the Petition avers that, pursuant to Louisiana Revised Statute § 22:1973, Defendant's failure to pay Plaintiffs' entire claim or make a written offer to settle the claim within sixty days of receipt entitles Plaintiffs to an award of penalties up to two times damages sustained.[16]

Plaintiffs filed this case in the Seventeenth Judicial District Court for the Parish of Lafourche on January 12, 2022.[17] On February 14, 2022, Defendant filed an exception of vagueness in that court alleging that the Petition did not comply with Article 893 of the Louisiana Code of Civil Procedure because Plaintiffs failed to allege that the damages sought did not exceed $75,000 (the "Exception of Vagueness").[18] On March 10, 2022, the state trial court held a hearing on the Exception of Vagueness.[19] During this hearing, the state trial judge stated that he did not "see how any judge could read this [Petition] and believe that [Plaintiffs are] not asking for less than seventy-five thousand."[20] The state trial court issued an order denying the Exception of Vagueness on March 16, 2022.[21]

On April 8, 2022, Defendant removed the action to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332.[22] On May 6, 2022, Plaintiffs filed a motion to remand.[23] On

---

[15] *Id*. at 5.

[16] *Id*.

[17] *Id*. at 3.

[18] *Id.* at 92.

[19] Rec. Doc. 10-2 at 1.

[20] *Id*. at 6.

[21] Rec. Doc. 1-2 at 101.

[22] Rec. Doc. 1.

[23] Rec. Doc. 10.

June 30, 2022, the Court granted Plaintiffs' motion to remand this matter back to the Seventeenth Judicial Court for the Parish of Lafourche because removal was untimely.[24] The Court also granted Plaintiffs' request for attorney's fees pursuant to 28 U.S.C. § 1447(c) "within its discretion, and to deter future futile untimely removals."[25] The Court ordered the parties to submit supplemental briefing on the amount of attorney's fees and costs incurred in removing the matter.[26] On July 12, 2022, Plaintiffs filed their supplemental briefing requesting $5,584.32 for attorney's fees and costs.[27] On July 28, 2022, Defendant filed an opposition to Plaintiffs' supplemental briefing.[28] On August 1, 2022, Plaintiffs filed a motion to strike Defendant's opposition because it was signed by an attorney who was not enrolled as Defendant's counsel.[29]

## II. Law & Analysis

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."[30] The Fifth Circuit has made clear that "a district court is not divested of jurisdiction to award attorney's fees and costs pursuant to Section 1447(c) after a remand has been certified."[31] The decision to award attorney's fees under Section 1447(c) is within the sound discretion of the

---

[24] *See* Rec. Doc. 18.

[25] *Id*. at 10–11.

[26] *Id*. at 11; Rec. Doc. 21.

[27] Rec. Doc. 19.

[28] Rec. Doc. 22.

[29] *See* Rec. Doc. 23.

[30] 28 U.S.C. § 1447(c).

[31] *Coward v. AC & S, Inc.*, 91 F. App'x 919, 921–22 (5th Cir. 2004).

Court.[32] The "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[33] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) where "the removing party lacks an objectively reasonable basis for seeking removal."[34] Here, the Court found that Defendant lacked an objectively reasonable basis for seeking untimely removal over 70 days after Plaintiffs' filing of the Petition, where the Petition clearly alleged damages above $75,000.[35]

The remaining inquiry is the appropriate calculation of fees. Such an award is explicitly limited to costs and fees "incurred as a result of removal."[36] The Fifth Circuit "interpret[s] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court."[37] "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable. . . ."[38]

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees.[39] First, a lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[40] "[T]here is a strong presumption that the lodestar

---

[32] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[33] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012) (internal citations omitted).

[34] *Id.* at 542 (internal citations omitted).

[35] Rec. Doc. 18 at 10.

[36] 28 U.S.C. § 1447(c).

[37] *Avitts*, 111 F.3d at 32.

[38] *Id.*

[39] *Combs v. City of Huntington*, 829 F.3d 388, 390 (5th Cir. 2016).

[40] *Id.*

figure is reasonable."[41] However, after calculating the lodestar, a district court may decrease or enhance the amount of attorneys' fees based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[42] Those factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[43] However, the lodestar may not be adjusted due to a *Johnson* factor if the creation of the lodestar award already took that factor into account.[44] Such reconsideration is impermissible double-counting.[45]

Here, Plaintiffs request a total award of $5,584.32.[46] This requested award consists of $5,520.00 in attorneys' fees and an additional $64.32 in expenses. Plaintiffs' supplemental briefing indicates that associate Matthew P. Hymel billed 18.4 hours at an hourly billing rate of $300.00 an hour.[47]

"[T]he first step in determining reasonable attorneys' fees is an evaluation of the number

---

[41] *Id.* at 553–54.

[42] *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)).

[43] *Id.* at 390, n.1.

[44] *Saizan v. Delta Concrete Prods. Co*, 448 F.3d 795, 800 (5th Cir. 2006).

[45] *Id.*

[46] Rec. Doc. 19 at 2.

[47] *Id.* at 19.

of hours reasonably expended."[48] "Charges for excessive, duplicative, or inadequately documented work must be excluded."[49] Additionally, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and "a district court may reduce the number of hours awarded if the documentation is vague or incomplete."[50]

Here, Plaintiffs assert that 18.4 hours were expended on the case following removal. However, Plaintiffs are only entitled to attorney's fees for hours "incurred in federal court that would not have been incurred had the case remained in state court."[51] The hours spent on the following tasks would still have been incurred had the case remained in state court: (1) review of the state court's case management order (.5 hours); (2) document review and preparation of initial disclosures (1.5 hours); (3) phone call with court reporter to obtain Exception of Vagueness hearing transcript (.1 hours); (4) review of Defendant's Partial Motion for Summary Judgment (1.5 hours); (5) drafting opposition to Defendant's Partial Motion for Summary Judgment (1.8 hours); (6) research to oppose Defendant's subpoena (1.3 hours). Therefore, Plaintiffs are not entitled to attorney's fees for hours spent on these tasks. Omitting the hours spent on these improperly included tasks, Plaintiffs allege that 11.7 hours were incurred that would have been avoided had the action remained in state court.

However, the Court also finds that these charges are inadequately documented and excessive. In contravention to Local Rule 54.2, Plaintiffs fail to provide a "verified,

---

[48] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

[49] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).

[50] *La. Power & Light Co.*, 50 F.3d at 324 (quotation marks and citations omitted).

[51] *Avitts*, 111 F.3d at 32.

contemporaneous report" of the services performed in seeking attorney's fees. As the Fifth Circuit has noted, applicants for attorney's fees bear the burden of submitting adequate documents for their request, and "[l]itigants clearly 'take their chances' that the district court will reject or *reduce* fee awards if they submit vague or incomplete applications."[52] Plaintiffs have provided insufficient evidence to establish the amount of time spent on the remaining tasks that were billed. Additionally, the motion to remand involved only one extremely simple issue—the timeliness of the removal. Thus, given that the evidence provided by Plaintiffs is insufficient to establish the amount of attorney's fees to be awarded, and given the simplicity of the issue presented in the motion to remand, the Court reduces the following excessive billing entries to time reasonably spent on such tasks:

- Scheduling Conference with the Court and post interoffice discussions is reduced from 0.7 hours to 0.5 hours.

- Research regarding Motion to Remand is reduced from 2.4 hours to 1.6 hours

- Drafting Motion to Remand is reduced from 2.2 hours to 1.4 hours.

- Reviewing Defendant's Opposition to Remand to determine whether reply was warranted is reduced from 1.7 hours to 0.5 hours.

- Drafting Motion to Extend Deadlines is reduced from 0.6 hours to 0.2 hours.

- Drafting Joint Status Report with Bankers' counsel is reduced from 1.4 hours 0.7 hours.

- Review this Court's Order Regarding Remand is reduced from 0.5 hours to 0.2 hours.

Therefore, the Court finds that Plaintiffs reasonably incurred 7.3 hours in attorney's fees due to Defendant's improper removal.

---

[52] *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997) (emphasis added).

The second step of the analysis is to determine a reasonable hourly rate for each attorney. "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command."[53] It is the plaintiff's burden to "produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation."[54]

Here, Plaintiffs' request for an hourly rate of $300 per hour is not supported by *any* documentation or statement as to the rate's reasonableness.[55] Thus, Plaintiffs have not met their burden to establish the requested hourly rate. Plaintiffs' counsel, associate Matthew P. Hymel, has less than five years of experience, having been admitted to the Louisiana Bar in 2018. "Judges in this district award attorney's fees in the amount of $200 for work performed by an associate with less than five years of experience."[56] Therefore, the Court finds that an hourly billing rate of $200.00 for associate Matthew P. Hymel is reasonable.

A court must then calculate a "lodestar fee" by multiplying the reasonable number of hours expended by the reasonable hourly rate.[57] In sum, the Court finds a lodestar fee of $1,460.00 in attorney's fees ($200.00 per hour multiplied by 7.3 hours) for the improper removal of this action. After calculating the lodestar fee, a district court may decrease or enhance the amount of attorney's

---

[53] *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quotations and citation omitted).

[54] *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cty., Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985).

[55] *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

[56] *Girod LoanCo, LLC v. Heisler*, No. CV 19-13150, 2020 WL 3605947, at *8 (E.D. La. 2020) (Brown, C.J.) (citing *Batiste v. Lewis*, No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. 2019) (awarding $200.00/hour to attorney with five years of experience).

[57] *Combs*, 829 F.3d at 390.

fees based on the relative weights of the twelve *Johnson* factor.[58] The lodestar fee may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar fee already took that factor into account.[59] Such reconsideration is "impermissible double-counting."[60] Here, the Court finds that the circumstances of this case do not warrant an adjustment to the lodestar fee. The relevant factors that would warrant an increase or decrease are already accounted for in the Court's determination of the reasonable number of hours and the reasonable hourly rate; adjusting the lodestar fee based on those same factors "would be impermissible double counting."[61] Therefore, Plaintiffs are entitled to an award of $1,460.00 in attorney's fees.

In addition to attorney's fees, Plaintiffs request $64.32 in expenses.[62] These expenses are comprised of a $54.00 fee to obtain the Exception of Vagueness hearing transcript and $10.32 to make photocopies of the transcript.[63] These expenses were reasonably incurred due to removal. Therefore, Plaintiffs are entitled to $64.32 in expenses in addition to $1,460.00 in attorney's fees for total of $1,524.32.

Plaintiffs also filed a motion to strike the Defendant's opposition to Plaintiffs' supplemental briefing on attorney's fees because it was signed by an attorney who is not enrolled as Defendant's counsel in this matter.[64] However, the signature line of Defendant's opposition

---

[58] *See Johnson,* 488 F.2d at 717–19.

[59] *Saizan,* 448 F.3d at 800 (citation omitted).

[60] *Id.*

[61] *Id*.

[62] Rec. Doc. 19 at 2.

[63] *Id. See also* Rec. Doc. 19-1.

[64] *See* Rec. Doc. 23-1.

brief also includes the name of Wayne R. Maldonado, who is enrolled as counsel of record for Defendant in this matter.[65] Therefore, Plaintiffs' motion to strike Defendant's opposition is denied.

### III. Conclusion

For the reasons discussed above, the Court awards Plaintiffs attorney's fees and expenses in the amount of $1,524.32 and directs that Defendant is liable for payment of this sum no later than 60 days after entry of this Order and Reasons.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs are hereby awarded $1,524.32 in attorney's fees and expenses recoverable against Defendant.

**IT IS FURTHER ORDERED** that "Plaintiffs' Motion to Strike Defendant's Opposition to Plaintiffs' Supplemental Briefing"[66] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this ___28th___ day of September, 2022.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[65] *See* Rec. Doc. 22 at 8.

[66] Rec. Doc. 23.